UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **AMERICAN GENERAL LIFE INSURANCE CO** | **CASE NO.  2:25-CV-00903** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GAYE MCCARTY ET AL** | **MAGISTRATE JUDGE LEBLANC** |

MEMORANDUM RULING

Before the court is a Motion to Discharge [doc. 16] filed by plaintiff American General Life Insurance Company ("American General") in this interpleader action. Defendant Gaye McCarty opposes the motion. Doc. 18.

I.
BACKGROUND

This suit arises from an annuity contract issued by Western National Life Insurance Company to Carol Thornton on September 18, 2009. *See* doc. 1, att. 2. The annuity is currently administered by American General. Doc. 1, ¶ 12. In her application Thornton designated Gloria Hill[1] and Mary Wilson each as 50% primary beneficiaries. Doc. 1, att. 1. In August 2012, she submitted and American General processed a Change of Beneficiary Form that designated April Brown, Jeremy Wilson, Emily Larsen, and Robert Hill-Colson as equal primary beneficiaries of the annuity. Doc. 1, att. 3. In June 2023, Thornton submitted a Change of Beneficiary Form designating Gloria Hill and Greta Ratliff each as

---

[1] In the Complaint Ms. Hill is named as Gloria Hill-Colson. Thereafter, however, American General states that it was informed that her correct legal name is Gloria Hill. Doc. 14.

50% primary beneficiaries. Doc. 1, att. 4. American General rejected this form because it did not list the dates of birth or Social Security numbers for all designated beneficiaries. Doc. 1, att. 5. Later that month, American General received and processed another form again designating Ratliff and Hill each as 50% primary beneficiaries of the annuity. Doc. 1, att. 6. Finally, on October 15, 2024, American General received and processed a request to change the beneficiary of the annuity to defendant McCarty as 100% primary beneficiary. Doc. 1, att. 7.

Thornton died on December 12, 2024, and the annuity's death benefit became due and payable to the beneficiary.[2] Doc. 1, ¶¶ 18–19. On January 2, 2025, Ratliff contacted American General to challenge the validity of the October 2024 beneficiary change. *Id.* at ¶ 21. Later that month, McCarty submitted a claim for the annuity's death benefit. Doc. 1, att. 8. Unable to determine the proper beneficiary, American General filed a Complaint for Interpleader Relief in this court against Hill, Ratliff, and McCarty. Doc. 1. The pleadings establish that American General is a citizen of Texas, McCarty and Ratliff are citizens of Louisiana, and Hill is a citizen of Washington. Docs. 1, 8, 11, 14.

American General has filed a Motion to Deposit Funds, seeking to deposit the death benefit plus accrued interest with the registry of the court, and that motion is pending before the magistrate judge with no opposition. Doc. 4. American General now brings a Motion for Discharge pursuant to 28 U.S.C. §§ 1335 and 2361. Doc. 16. McCarty opposes the

---

[2] As of June 23, 2025, the benefit was valued at $62,105.09. Doc. 1, ¶ 20.

motion while the other defendants have filed no response within the time allotted by the court. Doc. 18.

## II.
### LAW & APPLICATION

This action is a statutory interpleader, filed under 28 U.S.C. § 1335. "The legislative purpose of an interpleader action is to remedy the problems posed by multiple claimants to a single fund, and to protect a stakeholder from the possibility of multiple claims on a single fund." *Rhoades v. Casey,* 196 F.3d 592, 600 n. 8 (5th Cir. 1999) (quoting *Wausau Ins. Cos. v. Gifford,* 954 F.2d 1098, 1100 (5th Cir.1992)). To resolve an interpleader filed under 28 U.S.C. § 1335, a court must "(1) determine 'whether the requirements for [a] statutory interpleader action have been met,' and, if so, (2) determine 'the respective rights of the claimants.'" *Gray Cas. & Sur. Co. v. Gold Standard Moving & Storage LLC*, 652 F.Supp.3d 734, 736 (N.D. Tex. 2023) (quoting *Auto Parts Mfg. Miss., Inc. v. King Const. of Houston, LLC*, 782 F.3d 186, 193 (5th Cir. 2015) (cleaned up)).

"If a court determines that the interpleader is properly brought, it may enter an order discharging a disinterested stakeholder, who has no claim itself to the disputed funds and has tendered the disputed fund into the court registry, from liability from further claims to the disputed fund . . . ." *Reese v. Sun Life Assurance Co. of Canada*, 483 F.Supp.3d 407, 410 (W.D. Tex. 2020) (internal quotations omitted). Statutory interpleader is proper when (1) a stakeholder has a single fund worth at least $500; (2) at least two adverse claimants with diverse citizenship are competing for that fund; and (3) the stakeholder has deposited the fund in the registry of the court. *Fresh Am. Corp. v. Wal-Mart Stores, Inc.*, 393

F.Supp.2d 411, 414 (N.D. Tex. 2005) (citing 28 U.S.C. § 1335(a)). If these criteria are fulfilled and discharge is granted, the court then proceeds to the second step by making "a determination of the respective rights of the claimants." *Reese*, 483 F.Supp.3d at 410 (citing *Rhoades*, 196 F.3d at 600).

American General has established that at least two of the adverse claimants are diverse and the fund exceeds the jurisdictional amount. It has admitted that it has no right to the annuity's death benefit and has named the respective claimants as defendants while seeking to deposit the disputed funds in the registry of the court. In response, however, McCarty maintains that she may have a counterclaim against American General based on its change of beneficiary procedures. Doc. 18. She further asserts that she requires discovery from American General "concerning its documents and procedures as to a 'change of beneficiary' through its online platform, including such documents and procedures as to this specific case as to Change of Beneficiary to GAYE McCARTY, to enable this Court to [determine] which Defendant and/or other entity(ies) are entitled to the insurance policy proceeds." *Id.* at 4.

"The assertion of a counterclaim against a stakeholder is an appropriate basis for denying discharge." *Westlake Styrene, LLC v. United States*, 2011 WL 643265, at *2 (S.D. Tex. Feb. 16, 2011) (citing *Allstate Life Ins. v. Short*, 2005 WL 1972551 (S.D. Ohio Aug. 12, 2005)). Even with the benefit of American General's entire claims file[3], however, McCarty has not yet uncovered the basis for such a counterclaim and there is no showing

---

[3] American General asserts, and no defendant disputes, that this was already produced.

of likelihood that she will. Courts have generally overridden opposition to discharge on the basis of a potential, unasserted counterclaim. *See Westlake Styrene, LLC*, 2011 WL 643265 at *3 ("While the court has authority to deny discharge to a stakeholder against a stakeholder against whom a counterclaim **has** been asserted, it is unaware of any case supporting the proposition that a stakeholder with no interest in the interpleaded funds should be denied discharge on the basis of a potential counterclaim.") (emphasis in original); *see also Mass. Mut. Life Ins. Co. v. Sanders*, 787 F.Supp.2d 628, 637 (S.D. Tex. 2011) (granting discharge where objecting claimant alleged wrongdoing by interpleading plaintiff but had failed to file counterclaim). Additionally, to the extent this discovery is relevant to the court's adjudication of the claimants' rights, McCarty may obtain it even if American General is discharged from this suit. *See Windmill Distrib. Co., L.P. v. Jaigobind*, 2023 WL 4564502 (E.D.N.Y. May 11, 2023) (declining to "tether [plaintiff] to this action based on something that can be achieved through other simpler means, such as a third-party subpoena.").

American General has met the requirements for discharge pursuant to 28 U.S.C. § 1335. It also asks for injunctive relief pursuant to 28 U.S.C. § 2361, which allows the court to issue a permanent injunction restraining all claimants "from instituting or prosecuting any proceeding . . . affecting the property . . . involved in the interpleader action[.]" *Gray Cas. & Sur. Co.*, 652 F.Supp.3d at 737 (quoting 28 U.S.C. § 2361); *see Auto Parts Mfg. Miss., Inc.*, 782 F.3d at 191–92 (noting that § 2361 authorizes permanent injunctive relief). The court will grant the requested relief.

## III.
### CONCLUSION

For the reasons stated above, the court will **GRANT** the Motion to Deposit Funds [doc. 4] and Motion for Discharge [doc. 16] along with the other requested relief described above.

**THUS DONE AND SIGNED** in Chambers on the 16th day of October, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**